# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| Elvis Jordan, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company, | **JURY TRIAL DEMAND** |
| Trans Union, LLC, an Illinois limited liability company, | |
| Experian Information Solutions, Inc., a foreign corporation, | |
| Comenity LLC d/b/a Comenity Bank, a foreign limited liability company, | |
| Capital One Financial Corporation d/b/a Capital One Bank USA N.A., a foreign corporation, | |
| Americollect, Inc, a foreign corporation, and | |
| L J Ross Associates, Inc., a foreign corporation, | |
| Defendants. | |

NOW COMES THE PLAINTIFF, ELVIS JORDAN, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Griffin, Spalding County, Georgia.

4. Venue is proper in the Northern District of Georgia, Newnan Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Griffin, Spalding County, Georgia.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia;

b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Georgia;

c. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Georgia;

d. Comenity LLC d/b/a Comenity Bank ("Comenity") a foreign limited liability company that conducts business in the State of Georgia;

e. Capital One Financial Corporation d/b/a Capital One Bank USA N.A. ("Capital One") is a foreign corporation that conducts business in the State of Georgia; and

f. Americollect, Inc. ("Americollect") is a foreign corporation that conducts business in the State of Georgia.; and

g. L J Ross Associates, Inc. ("LJ Ross") is a foreign corporation that conducts business in the State of Georgia.

## **GENERAL ALLEGATIONS**

7. Comenity, Capital One, Americollect and LJ Ross (collectively "Furnishers") are inaccurately reporting their Tradelines ("Errant Tradelines") with an erroneous notation of "account in dispute" on Plaintiff's Equifax, Trans Union and Experian credit disclosures.

8. Comenity is inaccurately reporting its Errant Tradeline with an erroneous notation of "account in dispute" on Plaintiff's Equifax credit disclosure.

3

9.  Capital One, Americollect and LJ Ross are inaccurately reporting their Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax, Trans Union and Experian credit disclosures.

10. Plaintiff no longer disputes the Errant Tradelines.

11. On June 24, 2020, Plaintiff obtained his Equifax, Trans Union and Experian credit disclosures and noticed the Errant Tradelines inaccurately reporting with an erroneous notation of "account in dispute."

12. On or about July 30, 2020, Plaintiff submitted separate letters to Equifax, Trans Union and Experian, stating that he no longer disputes the Errant Tradelines and requesting the credit bureaus to remove the notation of "account in dispute."

13. Equifax,  Trans Union and Experian forwarded Plaintiff's consumer dispute to the Furnishers.

14. The Furnishers received Plaintiff's consumer dispute from Equifax, Trans Union and Experian.

15. Equifax, Trans Union, Experian and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

16. Plaintiff had not received Equifax's and Trans Union's investigation results. Therefore, on October 08, 2020, Plaintiff obtained his Equifax and Trans

Union credit disclosures, which showed that Equifax, Trans Union and the Furnishers failed or refused to remove the notation of "account in dispute."

17. Plaintiff had not received Experian's investigation results. Therefore, on October 09, 2020, Plaintiff obtained his Experian credit disclosure, which showed that Equifax, Trans Union and the Furnishers failed or refused to remove the notation of "account in dispute."

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit files or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COMENITY

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Comenity negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

21. Comenity negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to remove the notation of "account in dispute." .

22. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

23. As a direct and proximate cause of Comenity's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. Comenity is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Plaintiff has a private right of action to assert claims against Comenity arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Comenity for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COMENITY

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Comenity willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

28. Comenity willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of Comenity's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. Comenity is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Comenity for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. After being informed by Equifax, Trans Union and Experian of Plaintiff's consumer dispute of the erroneous notations, Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

33. Capital One negligently failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax, Trans Union and Experian to remove the notation of "account in dispute." .

34. The Errant Tradelines are inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Equifax, Trans Union and Experian to which it is reporting such tradelines.

35. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

36. Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

37. Plaintiff has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Capital One for damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. After being informed by Equifax, Trans Union and Experian that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper investigation of Plaintiff's dispute, and willfully failed to direct Equifax, Trans Union and Experian  to remove the notation of "account in dispute."

40. Capital One willfully failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian as required by 15 USC 1681s-2(b).

41. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

42. Capital One is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount

to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AMERICOLLECT

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. After being informed by Equifax, Trans Union and Experian of Plaintiff's consumer dispute of the erroneous notations, Americollect negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

45. Americollect negligently failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax, Trans Union and Experian to remove the notation of "account in dispute." .

46. The Errant Tradelines are inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Equifax, Trans Union and Experian to which it is reporting such tradelines.

47. As a direct and proximate cause of Americollect's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

48. Americollect is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

49. Plaintiff has a private right of action to assert claims against Americollect arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Americollect for damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AMERICOLLECT

50. Plaintiff realleges the above paragraphs as if recited verbatim.

51. After being informed by Equifax, Trans Union and Experian that Plaintiff disputed the accuracy of the information it was providing, Americollect willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and

willfully failed to direct Equifax, Trans Union and Experian to remove the notation of "account in dispute."

52. Americollect willfully failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian as required by 15 USC 1681s-2(b).

53. As a direct and proximate cause of Americollect's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

54. Americollect is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Americollect for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY LJ ROSS

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. After being informed by Equifax, Trans Union and Experian of Plaintiff's consumer dispute of the erroneous notations, LJ Ross negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

57. LJ Ross negligently failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax, Trans Union and Experian to remove the notation of "account in dispute." .

58. The Errant Tradeline are inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Equifax, Trans Union and Experian to which it is reporting such tradelines.

59. As a direct and proximate cause of LJ Ross' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

60. LJ Ross is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

61. Plaintiff has a private right of action to assert claims against LJ Ross arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant PHEAA for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY LJ ROSS

62. Plaintiff realleges the above paragraphs as if recited verbatim.

63. After being informed by Equifax, Trans Union and Experian that Plaintiff disputed the accuracy of the information it was providing, LJ Ross willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax, Trans Union and Experian to remove the notation of "account in dispute."

64. LJ Ross willfully failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian as required by 15 USC 1681s-2(b).

65. As a direct and proximate cause of LJ Ross' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

66. LJ Ross is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in

the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant LJ Ross for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

69. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

70. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

71. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

72. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

73. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

74. Plaintiff realleges the above paragraphs as if recited verbatim.

75. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

76. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

77. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

78. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

79. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

80. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

81. Plaintiff realleges the above paragraphs as if recited verbatim.

82. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

83. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

84. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

85. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

86. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

87. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TRANS UNION

88. Plaintiff realleges the above paragraphs as if recited verbatim.

89. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

90. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

91. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

92. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

93. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

94. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XIII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

95. Plaintiff realleges the above paragraphs as if recited verbatim.

96. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

97. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

98. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

99. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

100. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

101.     Experian is liable to Plaintiff by reason of its violation of the FCRA in

an amount to be determined by the trier of fact together with his reasonable

attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment

against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT XIV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY EXPERIAN**

102.     Plaintiff realleges the above paragraphs as if recited verbatim.

103.     Defendant Experian prepared, compiled, issued, assembled,

transferred, published, and otherwise reproduced consumer reports regarding

Plaintiff as that term is defined in 15 USC 1681a.

104.     Such reports contained information about Plaintiff that was false,

misleading, and inaccurate.

105.     Experian willfully failed to maintain and/or follow reasonable

procedures to assure maximum possible accuracy of the information that it

reported to one or more third parties pertaining to Plaintiff, in violation of 15

USC 1681e(b).

106.    After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

107.    As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

108.    Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: October 22, 2020

By: _**/s/ Matthew Landreau**_
Matthew Landreau
Bar Number 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882

Facsimile: (248) 353-4840
E-Mail: matt@crlam.com

*Attorneys for Plaintiff,*
*Elvis Jordan*